# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

**Civil Action No. 3: 16-cv 30167**

_____
                                             )
**JONATHAN A. YOURGA,**                      )
    **Plaintiff**           )
                                             )
**v.**                                       )
                                             )
**CITY OF NORTHAMPTON, TRUSTEES OF THE**     )    <u>**AMENDED COMPLAINT**</u>
**SMITH VOCATIONAL AND AGRICULTURAL HIGH**   )
**SCHOOL, JEFFREY R. PETERSON (individually),** )
**KEVIN BROWN, (individually), and DOES 1-10,** )
**(individually),**                          )
    **Defendants**         )
_____)

## INTRODUCTION

This is an action for damages brought by plaintiff Jonathan A. Yourga pursuant to G.L. c. 258; G.L. c. 12, § § 11H and 11I; G.L. c. 2114, § 1B; 42 U.S.C. § 1983 and § 1985; the United States Constitution; the Massachusetts Declaration of Rights; common law; and for breach of contract. The defendants are the City of Northampton, Smith Vocational and Agricultural High School Trustees; Jeffrey R. Peterson; Kevin Brown; and Does 1-10.

## PARTIES

1.      At all times relevant to this Complaint, plaintiff Jonathan A. Yourga was an individual residing in Northampton, Massachusetts, County of Hampshire. Yourga was employed by the City of Northampton at the Smith Vocational and Agricultural High School Trustees (Smith Vocational High School Trustees) as a teacher at Smith Vocational and Agricultural High School (Smith Vocational High School).

2.      The defendant City of Northampton (Northampton) is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts.

3.      The Smith Vocational High School Trustees are a City of Northampton school committee, department or agency authorized by the laws of the Commonwealth of Massachusetts to operate, manage and govern the Smith Vocational High School.

4.      At all times relevant to this Complaint, Smith Vocational High School was governed by the Smith Vocational High School Trustees who were responsible for promulgating and implementing policy for the Smith Vocational High School and for hiring and supervising the Superintendent.

5.      Jeffrey R. Peterson (Peterson) is an individual with a usual place of residence at 47 Burlington Drive, Agawam, Massachusetts, County of Hampden.  At all times relevant to this Complaint, Peterson was employed by Northampton and the Smith Vocational High School Trustees as a Superintendent of the Smith Vocational High School.  As Superintendent, Peterson had the responsibility to administer the operations of the Smith Vocational High School.

6.      Kevin Brown (Brown) is an individual whose last known place of residence is 5 Pine Street, Apt. 3, Northfield, Massachusetts, County of Franklin.  At all times relevant to this Complaint, Brown was employed by Northampton as Director of Security at the Smith Vocational High School and reported to Peterson.  Prior to his employment by the Smith Vocational High School, Brown was trained as a police officer and correctional officer.

7.      Defendants DOES 1-10 are persons not yet identified who at relevant times were employed by Northampton, or who were Trustees of Smith Vocational High School.  DOES 1-10 alone or with others participated in the wrongful conduct of the named defendants.

## **FACTS**

8.      Yourga was employed in 1987 as a substitute vocational instructor at Smith Vocational High School in Northampton, Massachusetts.  Subsequently, from 1993 until his forced resignation on June 2, 2014, Yourga was a full time instructor in the automotive department at the Smith Vocational High School.

9.      The Collective Bargaining Agreement (CBA) between the Smith Vocational High School Trustees and the Northampton Association of School Employees, Unit D, in effect from July 1, 2013 through June 30, 2016, established the conditions of Yourga's employment at all relevant times, including a three year term of employment.

10.     The CBA between the Smith Trustees and the Northampton Association of School Employees, Unit D, in effect from July 1, 2013 through June 30, 2016 provided, "No teacher with professional teacher status will be disciplined, receive a written reprimand, be reduced in rank or salary, suspended or terminated without just cause."

11.     Yourga had a constitutionally protected property interest in his employment contract as an instructor at the Smith Vocational High School grounded in the three year term of employment established by the CBA.

12.     Yourga had a constitutionally protected liberty interest in his employment contract as an instructor at the Smith Vocational High School.

13.     Yourga's employment could not be terminated expressly or constructively by his employer without procedural and substantive due process.

14.     In the spring 2014, a student voiced unhappiness to a school staff member that Yourga had selected a male student instead of her to attend an out-of-school event.  Her complaint was that Yourga favored male students.  This was a meritless accusation because in a preceding

year, a female student was selected by Yourga to attend such an event.

15.     Based solely on this trivial grievance, on April 8, 2014, Yourga was placed on paid administrative leave while the administration investigated this petty matter.  Placing Yourga on administrative leave was not warranted.  Rather, Peterson used this inane student concern to pretextually investigate Yourga to contrive reasons to terminate him.

16.     On May 1, 2014, Yourga was interviewed by Brown and other administrators.  During this meeting, Brown interrogated Yourga on many innocuous matters to obtain any information to use against Yourga.

17.     Following this May 1, 2014 meeting, Brown made the statement to a school administrator, "I think we got him."  Peterson's intention to fire Yourga is evidenced by this statement by Brown.  A conspiracy between Peterson, Brown and others to wrongfully terminate Yourga is evidenced by this statement.

18.     Using the insubstantial and meager circumstances of a student's dissatisfaction that she had not been chosen to participate in an out of school event, Peterson seized the opportunity as a ruse to devise whatever he could against Yourga.

19.     Peterson unlawfully gave Brown and others access to Yourga's confidential personnel files in violation of Yourga's state and federal constitutional, statutory, common law and contractual rights.

20.     In April 2014, Brown used his unlawful access to Yourga's personnel file to resurrect a stale 2006 matter involving a misunderstanding over a junk motor vehicle that Yourga had acquired from the owner when he offered it for "free" in a local newspaper.[1]  In 2006, an issue

---

[1]  The 1985 broken-down Pontiac Parisienne hearse was offered in the newspaper as an item in the section of the local newspaper entitled "Aunt Clara's Closet."  The 2006 newspaper ad stated: *"Pontiac Prisenne* (sic)*, Wagon, 1985. Black, for restoration or Demo Derby. Free ! xxx-xxx.* [car

arose whether the 1985 Pontiac Parisienne was given to Yourga personally, or whether it had been donated to the Smith Vocational High School automotive shop.  Yourga's personnel file revealed that in 2006 former Superintendent Frank Llamas had investigated the incident and concluded that there was no wrongdoing by Yourga and that the situation involved a misunderstanding.  The file shows that Llamas fully resolved the matter and that there were no open issues.

21.     In April 2014, there were no objectively reasonable or permissible grounds for Peterson to second guess his predecessors eight year old resolution on the 1985 Pontiac Parisienne matter.  Peterson was subjectively motivated by malice and bad faith.

22.     Peterson and Brown purposely ignored the documents in Yourga's file from former Superintendent Llamas that showed that no crime or wrongdoing had occurred.

23.     In 2014, neither Peterson nor Brown ever contacted former Superintendent Llamas before making actual statements to a Northampton police department detective and others that Yourga had stolen the 1985 Pontiac Parisienne.

24.     Brown also manipulated old and stale circumstances related to another junk motor vehicle, a 1998 Nissan Altima, which had occurred three years earlier in 2011. The 1998 Nissan Altima was owned by another teacher who asked Yourga for assistance in disposing of it.  It had 179,000 miles on it, and was in need of many major repairs.   The teacher gave it to Yourga in 2011 and signed RMV paperwork acknowledging it as a gift to Yourga.  Contriving a larceny allegation, Peterson and Brown ignored the fact that the 1998 Nissan Altima was in such poor condition that it was unsuitable for acceptance as a donation to the Smith Vocational High School.

25.     In furtherance of Brown's investigation, Brown convened an interrogation session

---

owner's phone #]"

with Yourga and other administrators on May 1, 2014. When Brown and others acting on behalf of Peterson questioned Yourga on May 1, 2014, Brown omitted asking Yourga about the 1985 Pontiac Parisienne or the 1998 Nissan Altima.

26.     Brown's failure to ask Yourga about the circumstances related to these two motor vehicles was intentional.  Brown purposely avoided actual facts so that he could wrongfully pursue a planned course of action that he was following on behalf of Peterson to falsely accuse Yourga of larceny.  Their goal was to cause Yourga's wrongful termination.

27.     On May 23, 2014, Peterson issued a suspension notice effective May 28, 2014, suspending Yourga without pay based on false larceny accusations of the two motor vehicles.

28.     Absent from Peterson's suspension notice was anything involving the triggering allegations made by the student in early April which gave rise to the original investigation. Likewise, there was no reference in the suspension notice to any of the wide ranging issues raised by Brown and others in the May 1, 2014 meeting, despite Brown's efforts on May 1, 2014 to find fault with many aspects of Yourga's employment performance.  The only bases for the May 23, 2014 suspension were the very stale 2006 resurrected Pontiac Parisienne matter, and the less stale, three  year old contrived larceny of the 1998 Nissan Altima.

29.     Before issuing the suspension notice, neither Peterson nor Brown asked Yourga to explain anything or provide him with a name-clearing opportunity related to the two motor vehicles before accusing him of larceny.

30.     In furtherance of the scheme pursued by Peterson and Brown, on or about May 7, 2014, Brown contacted a Northampton Police Department detective to report two motor vehicle larcenies by Yourga.

31.     Based on statements made by Brown to the detective, Yourga was charged with two felony counts of larceny. Both Peterson and Brown purposely withheld from the Detective the fact that the 1985 Pontiac Parisienne matter had been investigated and fully resolved by former Superintendent Llamas in 2006.

32.     On May 21, 2014, at 8:25 p.m., the Northampton police department executed, unannounced, a search warrant at Yourga's home at Earle Street, Northampton.  The execution of the search warrant was frightening, embarrassing and humiliating to Yourga, his wife, and his two young children.  The police seized the 1998 Nissan Altima.  After Yourga was found not guilty of the larceny of the 1998 Nissan Altima in January 2015, the Nissan was returned to him by the Northampton police.

33.     The statements to the Northampton police department detective by Peterson, Brown and others that Yourga stole the 1995 Pontiac Parisienne and the 1998 Nissan Altima from the Smith Vocational High School were defamatory.

34.     Peterson and Brown, when making their false accusations of larceny to the Northampton police department, recklessly reported words to the effect that Yourga had "been placed on administrative leave pending an internal investigation by the school regarding conduct with female teachers and students."

35.     Peterson's and Brown's description of the circumstances placed Yourga in a false light by suggesting that he had engaged in improprieties and misconduct "with female students and faculty."

36.     As reported in the media, Yourga was put in a false light in the community and on the internet because of the reckless conduct of Peterson and Brown.  The implication in the media coverage of the ambiguous statement in the police report that Yourga was investigated by Peterson

and his staff for conduct regarding female teachers and students placed Yourga in a false light in the community, causing great pain and anguish to Yourga and his family.

37.     These false light stories have made it almost impossible for Yourga to find employment as a school instructor, only recently finding employment in Harwich, Massachusetts, some 175 miles from his home in Northampton.  Yourga and his family have suffered painful emotional and economic hardships because of his inability to obtain local employment.

38.     Although Yourga was entitled to grievance processes under the CBA, Peterson insinuated that Yourga's retirement benefits as an employee since 1993 were at risk.  Peterson used the retirement factor to put pressure on Yourga to resign his three year contractually protected term of employment at Smith Vocational High School.

39.     Based on Peterson's and Brown's coercion and intimidation, Yourga submitted his resignation on June 2, 2014, the day before the grievance meeting with Peterson.

40.     On January 8, 2015, Yourga was found not guilty of both criminal offenses.  The offense charging the 2006 larceny of the 1985 Pontiac Parisienne was barred by the statute of limitations.

41.     Peterson and Brown knew that in 2006 that Superintendent Llamas had investigated matters related to the 1985 Pontiac Parisienne and they knew that he had concluded the situation involved a misunderstanding.

42.     Peterson and Brown knew or should have known that the statute of limitations was expired and prevented the prosecution of the alleged 2006 larceny.

43.     Peterson's and Brown's use of false larceny complaints was malicious and without probable cause.

44.     The use of administrative leave, unpaid suspension, and false larceny accusations by the Smith Vocational High School Trustees, Peterson, Brown and DOES 1-10, acting alone, and in concert, embodies intimidating and coercive conduct aimed at Yourga.

45.     Following his forced resignation, Yourga applied for unemployment.  The Smith Vocational High School Trustees opposed his unemployment compensation and it was denied. Yourga appealed, and after a series of obstructions posed by the Smith Vocational High School employees and agents, and several days of evidentiary hearings, Yourga's unemployment application was again denied.

46.     Finally, on November 24, 2015, Yourga was awarded unemployment benefits. The Board  of Review of the Department of Unemployment Assistance reversed the Hearing Officer's Decision, ruling "that the claimant acted reasonably in concluding that his employer's unwarranted discipline, based upon erroneous but serious accusations, made it untenable to continue working for that employer."

47.     Between April and June 2, 2014, Peterson, acting under color of his legal authority as Superintendent, orchestrated and otherwise constructively terminated Yourga's employment with the Smith Vocational High School without just cause.

48.     Peterson's constructive termination of Yourga's employment was based on illegal reasons and was without lawful basis, all in violation of Yourga's state and federal statutory and constitutional substantive and procedural due process rights.

49.     At all relevant times, the Smith Vocational High School Trustees had a ministerial duty to train, manage and supervise Peterson.

50.     The Smith Vocational High School Trustees failed to exercise due care in performing their ministerial duty to train, manage and supervise Peterson.

51.     The Smith Vocational High School Trustees' failure to adequately train, manage and supervise Peterson represents official policy, practice and custom that caused constitutional injury to Yourga's protected property and liberty interest in his employment as an employee of the Smith Vocational High School.

52.     The above-described actions of Smith Vocational High School Trustees were those of policy-makers with actual or constructive knowledge of, and acquiescence in, the unconstitutional and unlawful actions of Peterson and his subordinates.

53.     Such actions by the Smith Vocational High School Trustees were grossly negligent, willful and malicious.

54.     In or about April 2014 to June 2014, the Smith Vocational High School Trustees, Peterson, Brown and DOES 1-10 formed an agreement, express and/or implied, and acted in concert in furtherance of that agreement, to bring about the wrongful termination of Yourga's employment by unlawful and malicious interference with his present and future employment relationship with the Smith Vocational High School.  The object of the defendants' conspiracy was to bring about the unlawful termination of Yourga's employment, by tortious conduct and civil rights violations, all in violation of Yourga's state common law rights, contractual rights, and his state and federal statutory and constitutional rights.

55.     The defendants' conduct as herein alleged (*inter alia*, baseless use of employee discipline; falsely accusing him of felonies, leading to a search seizure at his home; baselessly insinuating sexual improprieties; creating fear of a loss of 20 years of accrued pension employment; all based on malice and bad faith devoid of a scintilla of legitimate purpose) was so egregious as to shock the conscience.

56.      Peterson's, Brown's and Does 1-10's actions as alleged hereinabove were

malicious and in bad-faith.

57.      Because of Peterson's, Brown's and Does 1-10's malice and bad-faith, said defendants are not entitled to common law or statutory immunity.

58.      On or about January 8, 2016, notice of claim, pursuant to G. L. c. 258, § 4, was given to the City of Northampton by correspondence to Mayor David Narkewicz; by correspondence to Michael T. Cahillane, Chair of the Trustees of the Smith Vocational and Agricultural High School; and by correspondence to Jeffrey R. Peterson, Superintendent, Smith Vocational and Agricultural High School.  By correspondence from counsel dated July 8, 2016, the City of Northampton and the Smith Vocational High School Trustees denied Yourga's claims.

## COUNT I
## NEGLIGENCE
## Yourga v. City of Northampton and
## Trustees of Smith Vocational and Agricultural High School

59.      The preceding and subsequent paragraphs herein are incorporated by reference.

60.      The Smith Vocational High School Trustees had the ministerial responsibility to train, control, manage, discipline, and supervise Peterson. The Trustees knew or should have known of the scope of Peterson's misconduct directed against Yourga.   Smith Vocational High School Trustees failed to use reasonable care in discharging their responsibilities to train, control, manage, discipline, and supervise Peterson; specifically, the Smith Vocational High School Trustees failed to supervise, manage and otherwise prevent Peterson's malicious and bad faith actions directed at Yourga.

61.      The Smith Vocational High School Trustees owed a ministerial duty to school employees including Yourga to use due care in discharging their legally mandated responsibilities

as Trustees of the Smith Vocational High School to train, control, manage, discipline and supervise Peterson; specifically, the Smith Vocational High School Trustees failed to supervise, manage and otherwise prevent Peterson's malicious and bad faith actions directed at Yourga.

62.    The Smith Vocational High School Trustees breached their ministerial duty by failing to use reasonable care in their required ministerial supervision of Peterson; specifically, the Smith Vocational High School Trustees failed to supervise, manage and otherwise prevent Peterson's malicious and bad faith actions directed at Yourga.

63.    The Smith Vocational High School Trustees are directly liable and responsible to Yourga for their negligent acts and/or omissions including infliction of emotional distress.

64.    As a direct and proximate result of the negligent failure of the Smith Vocational High School Trustees to properly train, control, discipline, and supervise those under their supervision, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

## COUNT II
### 42 U.S.C. § 1983 - VIOLATION OF CIVIL RIGHTS
### Yourga v. City of Northampton and
### Trustees of Smith Vocational and Agricultural High School

65.    The preceding and subsequent paragraphs herein are incorporated by reference.

66.    The Smith Vocational High School Trustees had a policy and practice to ignore their responsibility to monitor and control Peterson that resulted in insufficient oversight or control over Peterson's actions.  The Trustees' policy of abdicating responsibility was firmly entrenched, represents custom or usage, causing constitutional deprivations suffered by Yourga.

67.    The Trustees, through its members, deprived Yourga of clearly-established and well-settled constitutional rights of due process, the protection of one's reputation, the right of

12

privacy, and protection from malicious prosecution guaranteed him by the U.S. Constitution and the Declaration of Rights of the Commonwealth.

68.     Because of the aforesaid policies, practices and customs, the Smith Vocational High School Trustees failed to take necessary and reasonable steps, and otherwise failed to use due care, to prevent or stop the malicious and bad-faith actions which Peterson, Brown and unknown Does, which actions infringed on Yourga's state and federal constitutional rights. The Smith Vocational High School Trustees failed to effectively or otherwise properly supervise the individuals who engaged in such conduct. Instead, the Smith Vocational High School Trustees sanctioned Peterson's and his subordinate's actions through their reckless disregard and deliberate indifference to the effect of such actions on Yourga's state and federal constitutional rights.

69.     The failure of the Smith Vocational High School Trustees to control the operations and actions of Peterson embodied an unspoken policy that condoned Peterson's unlawful conduct which failure directly and proximately resulted in the deprivation of rights and immunities secured to Yourga under the state and federal constitutions and laws of the United States and of the Commonwealth of Massachusetts.

70.     By abdicating its responsibility to control the unlawful actions of Peterson, and by engaging in a pattern of dereliction of official duties and responsibilities, the Trustees created and fostered an atmosphere in which Peterson, Brown and unknown Does were emboldened, encouraged and permitted to violate Yourga's constitutional rights.

71.     As a result of the defendants conduct as alleged, the Smith Vocational High School Trustees violated the plaintiff's state and federal procedural and due process rights,

72.     As a direct and proximate result thereof, Yourga was deprived of rights and immunities secured to him under the constitutions and laws of the United States and of the

Commonwealth of Massachusetts.

73.     As a direct and proximate result thereof, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

## COUNT III
## 42 U.S.C. §1983 - VIOLATION OF CIVIL RIGHTS
### Yourga v. Peterson

74.     The preceding and subsequent paragraphs herein are incorporated by reference.

75.     Peterson's conduct deprived Yourga of clearly-established and well-settled constitutional rights of due process, the protection of one's reputation, the right of privacy and protection from malicious prosecution guaranteed him by the U.S. Constitution and the Declaration of Rights of the Commonwealth.

76.     Peterson and his subordinates caused Yourga's wrongful termination; invaded Yourga's privacy by accessing and disseminating information in violation of policy, practice, the CBA, and the laws of the Commonwealth; and impaired his reputation and employment status; all in violation of his state and federal constitutional rights.

77.     Peterson, while acting under color of his legal authority as Superintendent of the Smith Vocational High School, knew of the unlawful conduct of Brown and other subordinates.

78.     Despite Peterson's knowledge of Brown's unlawful conduct, he failed to remediate or stop his conduct, failed to discipline or otherwise properly supervise and control Brown, failed to properly train him with regard to the proper constitutional, statutory and contractual limits on the exercise of his authority, and instead, Peterson acquiesced, encouraged authorized and condoned Brown's misconduct.

79.     Peterson's conduct constitutes gross negligence amounting to deliberate

indifference to the effect of such actions on Yourga's constitutional rights.

80.     Peterson's actions were without just cause or legal justification; were willful, wanton, and intentional, and were committed under the color of his authority as Smith Vocational High School Superintendent.

81.     Peterson's actions were committed either maliciously and/or with a reckless disregard for Yourga's constitutional rights.

82.     As a direct and proximate result thereof, Yourga was deprived of rights and immunities secured to him under the constitutions and laws of the United States and of the Commonwealth of Massachusetts.

83.     As a direct and proximate result thereof, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

**COUNT IV**
**42 U.S.C. §1983 - VIOLATION OF CIVIL RIGHTS**
**Yourga v. Brown**

84.     The preceding and subsequent paragraphs herein are incorporated by reference.

85.      Brown's conduct deprived Yourga of clearly-established and well-settled constitutional rights of due process, the protection of one's reputation, the right of privacy and protection from malicious prosecution guaranteed him by the U.S. Constitution and the Declaration of Rights of the Commonwealth.

86.     Brown caused Yourga's wrongful termination; invaded Yourga's privacy by accessing and disseminating information in violation of policy, practice, the CBA, and the laws of the Commonwealth; Brown deprived Yourga of his employment; and impaired his reputation and employment status, all in violation of his state and federal constitutional rights.

87.     Brown's conduct constitutes gross negligence and amounts to deliberate indifference to the effect of such actions on Yourga's constitutional rights.

88.     Brown's actions were without just cause or legal justification, were willful, wanton, and intentional, and were committed under the color of his authority as a Director of Security at the Smith Vocational High School.

89.     Brown's actions were committed maliciously and/or with a reckless disregard for Yourga's Constitutional rights.

90.     As a direct and proximate result thereof, Yourga was deprived of rights and immunities secured to him under the constitutions and laws of the United States and of the Commonwealth of Massachusetts.

91.     As a direct and proximate result of the above described conduct, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

## COUNT V
## 42 U.S.C. §1983 - VIOLATION OF CIVIL RIGHTS
## Yourga v. DOES 1-10

92.     The preceding and subsequent paragraphs herein are incorporated by reference.

93.     The conduct of DOES 1-10 deprived Yourga of clearly-established and well-settled constitutional rights of due process, the protection of one's reputation, the right of privacy and protection from malicious prosecution guaranteed him by the U.S. Constitution and the Declaration of Rights of the Commonwealth.

94.     DOES 1-10 caused Yourga's wrongful termination; invaded Yourga's privacy by accessing and disseminating information in violation of policy, practice, the CBA, and the laws of the Commonwealth; DOES 1-10 deprived Yourga of his employment; and impaired his reputation

and employment status, all in violation of his Constitutional rights.

95.     The conduct of DOES 1-10 constitutes gross negligence and amounts to deliberate indifference to the effect of their actions on Yourga's constitutional rights.

96.     The actions of DOES 1-10 were without just cause or legal justification and were willful, wanton, and intentional.

97.     The actions of DOES 1-10 were committed maliciously and/or with a reckless disregard for Yourga's Constitutional rights.

98.     As a direct and proximate result thereof, Yourga was deprived of rights and immunities secured to him under the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

99.     As a direct and proximate result of the acts and omissions of DOES 1-10, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

## COUNT VI
## COMMON LAW CONSPIRACY
### Yourga v. Peterson, Brown and DOES 1-10

100.    The preceding and subsequent paragraphs herein are incorporated by reference.

101.    In or about February to April 2014, defendants Peterson, Brown and unknown Does formed an agreement, express and/or implied, and acted in concert in furtherance of that agreement, to bring about the wrongful and unconstitutional termination of Yourga's employment by unlawful and malicious interference with his present and future contractually protected employment relationship with Smith Vocational High School.

102.     By reason of the conduct of said defendants as alleged herein above, the defendants acting in unison, in furtherance of an agreement, express and/or implied, exercised a power of intimidation and coercion over Yourga that they would not have had if acting independently.

103.     The object of the defendants' conspiracy was to bring about the unlawful and unconstitutional termination of Yourga's employment by tortious conduct and civil rights violations, in violation of his state common law rights, and his state and federal statutory and constitutional rights and interests.

104.     The wrongful termination of Yourga's employment was based on wrongful conduct of said defendants committed overtly in furtherance of an agreement, express or implied, and did cause harm and damage to Yourga.

105.     Such actions by said defendants were grossly negligent, willful and malicious. Such actions were undertaken with reckless disregard for and in violation of Yourga's common law, statutory and constitutional rights.

106.     As a direct and proximate result of the above described conduct, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

## COUNT VII
## G.L. c. 12, § 11I – MCRA
## Yourga v. Peterson

107.     The preceding and subsequent paragraphs herein are incorporated by reference.

108.     Peterson is directly liable for violations of Yourga's rights secured by G.L. c. 12, § 11I.

109.     By unlawfully putting Yourga on leave, by suspending Yourga, and by concocting false felony accusations, Peterson coerced and intimidated Yourga, depriving him of clearly-

established and well-settled constitutional rights of due process, the protection of one's reputation, the right of privacy and protection from malicious prosecution guaranteed him by the U.S. Constitution and the Declaration of Rights of the Commonwealth.

110.     As a direct and proximate result of the above described conduct, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

### COUNT VIII
### G.L. c. 12, § 11I - MCRA
### Yourga v. Brown

111.     The preceding and subsequent paragraphs herein are incorporated by reference.

112.     Brown is directly liable for violations of Yourga's rights secured by G.L. c. 12, § 11I.

113. By concocting false felony accusations, Brown coerced and intimidated Yourga, depriving him of clearly-established and well-settled constitutional rights of due process, the protection of one's reputation, the right of privacy and protection from malicious prosecution guaranteed him by the U.S. Constitution and the Declaration of Rights of the Commonwealth.

114.     As a direct and proximate result of the above described conduct, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

### COUNT IX
### G.L. c. 12, § 11I - MCRA
### Yourga v. DOES 1-10

115.     The preceding and subsequent paragraphs herein are incorporated by reference.

116.     Does 1-10 are directly liable for violations of Yourga's rights secured by G.L. c. 12, § 11I.

117.     Does 1-10, by coercion and intimidation, deprived Yourga of clearly-established and well-settled constitutional rights of due process, the protection of one's reputation, the right of privacy and protection from malicious prosecution guaranteed him by the U.S. Constitution and the Declaration of Rights of the Commonwealth.

118.      As a direct and proximate result of the above described conduct, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

## COUNT X
## INVASION OF PRIVACY
### Yourga v Peterson

119.     The preceding and subsequent paragraphs herein are incorporated by reference.

120.     Yourga has a right against unreasonable, substantial or serious interference with his privacy.

121.      Peterson violated Yourga's right to privacy by knowingly violating policies and practices, and disclosing and disseminating information from his confidential employee personnel file of a highly personal nature without any legitimate reason for doing so.

122.      Peterson's unreasonable, substantial and serious interference with Yourga's privacy is a violation of G. L. c. 214, § 1B and the common law of the Commonwealth.

123.      As a direct and proximate result of the above described conduct, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

## COUNT XI
## INVASION OF PRIVACY
### Yourga v. Brown

124.     The preceding and subsequent paragraphs herein are incorporated by reference.

125.     Yourga has a right against unreasonable, substantial or serious interference with his privacy.

126.     Brown violated Yourga's right to privacy by knowingly violating policies and practices, and disclosing and disseminating information from his confidential employee personnel file of a highly personal nature without any legitimate reason for doing so.

127.     Brown's unreasonable, substantial and serious interference with Yourga's privacy is a violation of G.L. c. 214, §1B and the common law of the Commonwealth.

128.     As a direct and proximate result of the above described conduct, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

## COUNT XII
## INVASION OF PRIVACY
## Yourga v. DOES 1-10

129.     The preceding and subsequent paragraphs herein are incorporated by reference.

130.     Yourga has a right against unreasonable, substantial or serious interference with his privacy.

131.     DOES 1-10 violated Yourga's right to privacy by knowingly violating policies and practices, and disclosing and disseminating information of a highly personal nature without any legitimate reason for doing so.

132.     DOES 1-10's unreasonable, substantial and serious interference with Yourga's privacy is a violation of G.L. c. 214, § 1B and the common law of the Commonwealth.

133.     As a direct and proximate result of the above described conduct Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

## COUNT XIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Yourga v Peterson

134.     The preceding and subsequent paragraphs herein are incorporated by reference.

135.      The preceding and subsequent paragraphs herein are incorporated by reference.

136.     The above-described intentional actions of Peterson did inflict emotional distress upon Yourga. Peterson knew or should have known that emotional distress would be the likely result of their conduct.

137.     Peterson's conduct (*inter alia*, baseless use of employee discipline; manipulating falsely accusing him of felonies, leading to a search seizure at his home; baselessly insinuating sexual improprieties; creating fear of a loss of 20 years of accrued pension employment; all based on malice and bad faith devoid of a scintilla of legitimate purpose) was extreme and outrageous, beyond the bounds of decency, and intolerable in a civilized community.

138.     Peterson's conduct caused Yourga to suffer emotional distress, embarrassment and humiliation, the nature of which no reasonable person could be expected to endure.

139.      Peterson's actions were grossly negligent, willful and malicious. Such actions were undertaken with reckless disregard for Yourga's common law, statutory and constitutional rights.  Yourga suffered cognizable injuries and damages.

140.      As a direct and proximate result of the above described conduct, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

## COUNT XIV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Yourga v. Brown

141.    The preceding and subsequent paragraphs herein are incorporated by reference.

142.    The above-described intentional actions of Brown did inflict emotional distress upon Yourga.

143.    Brown knew or should have known that emotional distress would be the likely result of their conduct.

144.    Brown's ((*inter alia*, baseless use of employee discipline; manipulating falsely accusing him of felonies, leading to a search seizure at his home; baselessly insinuating sexual improprieties; creating fear of a loss of 20 years of accrued pension employment; all based on malice and bad faith devoid of a scintilla of legitimate purpose) conduct was extreme and outrageous, beyond the bounds of decency, and intolerable in a civilized community.

145.    Brown's conduct caused Yourga to suffer emotional distress, embarrassment and humiliation, the nature of which no reasonable person could be expected to endure.

146.    Brown's actions were grossly negligent, willful and malicious. Such actions were undertaken with reckless disregard for Yourga's common law, statutory and constitutional rights. Yourga suffered cognizable injuries and damages.

147.    As a direct and proximate result of the above described conduct, Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

## COUNT XV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Yourga v. DOES 1-10

148.    The preceding and subsequent paragraphs herein are incorporated by reference.

149.    The above-described intentional actions of Does 1-10 did inflict emotional distress upon Yourga. The defendants knew or should have known that emotional distress would be the

likely result of their conduct.

150.    The conduct of Does 1-10 ((*inter alia*, baseless use of employee discipline; manipulating falsely accusing him of felonies, leading to a search seizure at his home; baselessly insinuating sexual improprieties; creating fear of a loss of 20 years of accrued pension employment; all based on malice and bad faith devoid of a scintilla of legitimate purpose) was extreme and outrageous, beyond the bounds of decency, and intolerable in a civilized community.

151.    The conduct of Does 1-10 caused Yourga to suffer emotional distress, embarrassment and humiliation, the nature of which no reasonable person could be expected to endure.

152.    Such actions by Does 1-10 were grossly negligent, willful and malicious. Such actions were undertaken with reckless disregard for Yourga's common law, statutory and constitutional rights. Yourga suffered cognizable injuries and damages.

153.    As a direct and proximate result of the above described conduct Yourga suffered and will continue to suffer damages in the form of economic loss, emotional distress, attorney's fees, costs and expenses.

### COUNT XVI
### DEFAMATION
### Yourga v. Peterson

154.    The preceding and subsequent paragraphs herein are incorporated by reference.

155.    Peterson did author and publish, without privilege to do so, false defamatory statements and communications concerning Yourga which disparaged and damaged his reputation in the community and impaired his ability to practice in his profession.

156.    Peterson, without privilege to do so, further disseminated defamatory communications regarding Yourga to the Smith Vocational High School community and to the

public at large.

157.    Peterson, without privilege to do so, published false accusations of larceny both orally and in writing.

158.    The statements made by Peterson were made with knowledge of their falsity and/or with reckless disregard for their truth and/or were malicious.

159.    As a direct and proximate result of the defamatory statements and communications by Peterson, Yourga has suffered and will continue to suffer damages in the form of economic loss, emotional distress, and harm to his reputation, attorney's fees, costs and expenses.

## COUNT XVII
## DEFAMATION
## Yourga  v. Brown

160.    The preceding and subsequent paragraphs herein are incorporated by  reference.

161.    Brown did author and publish, without privilege to do so, false defamatory statements and communications concerning Yourga which disparaged and damaged his reputation in the community and impaired his ability to practice in his profession.

162.    Brown, without privilege to do so, further disseminated defamatory communications regarding Yourga to the Smith Vocational High School community and to the public at large.

163.    Brown, without privilege to do so, published false accusations of larceny both orally and in writing.

164.    The statements made by Brown were made with knowledge of their falsity and/or with reckless disregard for their truth and/or were malicious.

165.    As a direct and proximate result of the defamatory statements and communications by Brown, Yourga has suffered and will continue to suffer damages in the form of economic loss,

emotional distress, and harm to his reputation, attorney's fees, costs and expenses.

## COUNT XVIII
## DEFAMATION
## Yourga v. DOES 1-10

166.     The preceding and subsequent paragraphs herein are incorporated by reference.

167.     DOES 1-10 did author and publish, without privilege to do so, false, defamatory statements and communications concerning Yourga which disparaged and damaged his reputation in the community and impaired his ability to practice in his profession.

168.     DOES 1-10, without privilege to do so, further disseminated defamatory communications regarding Yourga to the Smith Vocational High School community and to the public at large.

169.     DOES 1-10, without privilege to do so, published false accusations of larceny both orally and in writing.

170.     The statements made by DOES 1-10 were made with knowledge of their falsity and/or with reckless disregard for their truth and/or were malicious.

171.     As a direct and proximate result of the defamatory statements and communications by DOES 1-10, Yourga has suffered and will continue to suffer damages in the form of economic loss, emotional distress, and harm to his reputation, attorney's fees, and costs.

## COUNT XIX
## INTERFERENCE WITH ADVANTAGEOUS CONTRACTUAL RELATIONS
## Yourga v. Peterson

172.     The preceding and subsequent paragraphs herein are incorporated by reference.

173.     In 2014, Yourga had been employed as a teacher employed with the Smith Vocational High School since 1993.

174.     In 2014, Yourga's employment was pursuant to a CBA that provided for a term

of employment through June 30, 2016.

175.     Peterson had knowledge of Yourga's employment contract with the Smith Vocational High School.

176.     Peterson knowingly, intentionally and maliciously interfered with Yourga's employment relationship with Smith Vocational High School with improper motive and by improper means. Peterson pursued a course of conduct/misconduct in a deliberate and malicious attempt to oust Yourga from his employment position.

177.     As a direct and proximate result of Peterson's intentional interference with Yourga's contractual and advantageous relationship, Yourga suffered injury in the form of involuntary resignation and wrongful termination of his employment.

178.     As a direct and proximate result of Peterson's intentional interference with Yourga's contractual and advantageous relationship, Yourga has suffered and will continue to suffer damages in the form of economic loss, emotional distress, and harm to his reputation, attorney's fees, and costs.

## COUNT XX
## INTERFERENCE WITH ADVANTAGEOUS CONTRACTUAL RELATIONS
### Yourga   v. Brown

179.     The preceding and subsequent paragraphs herein are incorporated by reference.

180.     In 2014, Yourga had been employed as a teacher employed with the Smith Vocational High School since 1993.

181.     In 2014, Yourga's employment was pursuant to a CBA that provided for a term of employment through June 30, 2016.

182.     Brown had knowledge of Yourga's employment contract with the Smith Vocational High School.

183.     Brown knowingly, intentionally and maliciously interfered with Yourga's contractual relationship with Smith Vocational High School with improper motive and by improper means. Brown pursued a course of conduct/misconduct in a deliberate and malicious attempt to oust Yourga from his employment position.

184.     As a direct and proximate result of Brown's intentional interference with Yourga's contractual and advantageous relationship, Yourga suffered injury in the form of involuntary resignation and wrongful termination of his employment.

185.     As a direct and proximate result of Brown's intentional interference with Yourga's contractual and advantageous relationship, Yourga has suffered and will continue to suffer damages in the form of economic loss, emotional distress, and harm to his reputation, attorney's fees, and costs.

<u>**COUNT XXI**</u>
<u>**INTERFERENCE WITH ADVANTAGEOUS CONTRACTUAL RELATIONS**</u>
<u>**Yourga v. DOES 10**</u>

186.     The preceding and subsequent paragraphs herein are incorporated by reference.

187.     In 2014, Yourga had been employed as a teacher employed with the Smith Vocational High School since 1993.

188.     In 2014, Yourga's employment was pursuant to a CBA that provided for a term of employment through June 30, 2016.

189.     DOES 1-10 had knowledge of Yourga's employment relationship with the Smith Vocational High School.

190.     DOES 1-10 knowingly, intentionally and maliciously interfered with Yourga's employment relationship with Smith Vocational High School with improper motive and by improper means.  DOES 1-10 pursued a course of conduct/misconduct in a deliberate and

malicious attempt to oust Yourga from his employment position.

191.    As a direct and proximate result of Does 1-10's intentional interference with Yourga's contractual and advantageous relationship, Yourga suffered injury in the form of involuntary resignation and wrongful termination of his employment.

192.    As a direct and proximate result of DOES 1-10's intentional interference with Yourga's contractual and advantageous relationship, Yourga has suffered and will continue to suffer damages in the form of economic loss, emotional distress, and harm to his reputation, attorney's fees, and costs.

## COUNT XXII
## COMMON LAW MALICIOUS PROSECUTION
### Yourga v. Peterson

193.    The preceding and subsequent paragraphs herein are incorporated by reference.

194.    Peterson did cause the initiation of criminal prosecutions against Yourga that were not based on probable cause.

195.    Yourga was found not guilty of the criminal offenses that were initiated by Peterson.

196.    As a direct and proximate result of the malicious prosecution caused by Peterson, Yourga has suffered and will continue to suffer damages in the form of economic loss, emotional distress, and harm to his reputation, attorney's fees, costs and expenses.

## COUNT XXIII
## COMMON LAW MALICIOUS PROSECUTION
### Yourga v. Brown

197.    The preceding and subsequent paragraphs herein are incorporated by reference.

198.    Brown did cause the initiation of criminal prosecutions against Yourga that were not based on probable cause.

199.     Yourga was found not guilty of the criminal offenses that were initiated by Brown.

200.     As a direct and proximate result of the malicious prosecution caused by Brown, Yourga has suffered and will continue to suffer damages in the form of economic loss, emotional distress, and harm to his reputation, attorney's fees, costs and expenses.

## COUNT XXIV
## COMMON LAW MALICIOUS PROSECUTION
## Yourga v. DOES 1-10

201.     The preceding and subsequent paragraphs herein are incorporated by reference.

202.     DOES 1-10 did cause the initiation of criminal prosecutions against Yourga that were not based on probable cause.

203.     Yourga was found not guilty of the criminal offenses that were initiated by DOES 1-10.

204.     As a direct and proximate result of the malicious prosecution caused by DOES 1-10, Yourga has suffered and will continue to suffer damages in the form of economic loss, emotional distress, and harm to his reputation, attorney's fees, costs and expenses.

## COUNT XXV
## ABUSE OF PROCESS
## Yourga v. Peterson

205.     The preceding and subsequent paragraphs herein are incorporated by reference.

206.     Peterson caused baseless criminal proceedings to be initiated against Yourga.

207.     The criminal process employed by Peterson was for ulterior and illegitimate purposes.

208.     Yourga's contractual term of employment was terminable by Peterson only for cause.  False accusations of felony offenses were intended to enable Peterson to terminate Yourga

for cause.

209.     Peterson's ulterior and illegitimate purposes were the unlawful termination of Yourga's employment at the Smith Vocational School.  The reasons that Peterson wanted to bring about the termination of Yourga's employment are not known at this time.

210.     Peterson accomplished and realized the success of his ulterior and illegitimate purposes when Peterson's abuse of process in combination with other unlawful acts alleged hereinabove caused Yourga to involuntarily resign his employment at the Smith Vocational School on June 2, 2014.

211.     As a direct and proximate result of the Peterson's abuse of process, Yourga has suffered and will continue to suffer damages in the form of economic loss, emotional distress, and harm to his reputation, attorney's fees, costs and expenses.

## COUNT XXVI
## ABUSE OF PROCESS
### Yourga v. Brown

212.     The preceding and subsequent paragraphs herein are incorporated by reference.

213.     Brown caused baseless criminal proceedings to be initiated against Yourga.

214.     The criminal process employed by Brown was for ulterior and illegitimate purposes.

215.     Yourga's contractual term of employment was terminable only for cause.  False accusations of felony offenses were intended to enable Peterson to terminate Yourga's employment for cause.

216.     Brown's ulterior and illegitimate purposes were the unlawful termination of Yourga's employment at the Smith Vocational School.  The reasons that Peterson, acting through Brown, wanted to bring about the termination of Yourga's employment are not known at this time.

217.     Brown accomplished and realized the success of his ulterior and illegitimate purposes when Peterson and Brown's abuse of process in combination with other unlawful acts alleged hereinabove caused Yourga to involuntarily resign his employment at the Smith Vocational School on June 2, 2014.

218.     As a direct and proximate result of the Brown's abuse of process, Yourga has suffered and will continue to suffer damages in the form of economic loss, emotional distress, and harm to his reputation, attorney's fees, costs and expenses.

### COUNT XXVII
### ABUSE OF PROCESS
### Yourga v. DOES 1-10

219.     The preceding and subsequent paragraphs herein are incorporated by reference.

220.      Does 1-10 caused baseless criminal proceedings to be initiated against Yourga.

221.     The criminal process employed by Does 1-10 was for ulterior and illegitimate purposes.

222.     Yourga's contractual term of employment was terminable only for cause.  False accusations of felony offenses were intended to enable Peterson to terminate Yourga's employment for cause.

223.     Does 1-10's ulterior and illegitimate purposes were the unlawful termination of Yourga's employment at the Smith Vocational School.  The reasons that Peterson, acting through Does 1-10, wanted to bring about the termination of Yourga's employment are not known at this time.

224.     Does 1-10 accomplished and realized the success of their ulterior and illegitimate purposes when Peterson and Brown's abuse of process in combination with other unlawful acts alleged hereinabove caused Yourga to involuntarily resign his employment at the Smith Vocational

School on June 2, 2014.

225.     As a direct and proximate result of the Does 1-10 abuse of process, Yourga has suffered and will continue to suffer damages in the form of economic loss, emotional distress, and harm to his reputation, attorney's fees, costs and expenses.

**COUNT XXVIII**
**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
**Yourga v. City of Northampton and**
**Trustee of Smith Vocational and Agricultural High School**

226.     The preceding and subsequent paragraphs herein are incorporated by reference.

227.     At all relevant times, an express employment contract for a three year term existed between Yourga and the Smith Vocational High School Trustees.

228.     An implied covenant of good faith and fair dealing existed at all relevant times in the employment contract between Yourga and the Smith Vocational High School Trustees.

229.     Through its actions, the Smith Vocational High School Trustees breached the implied covenant of good faith and fair dealing by conduct that was malicious, and without proper or legitimate purpose.

230.     Through its actions, the Smith Vocational High School Trustees injured Yourga's rights to receive the benefit of his existing and expected future employment relationship with the Smith Vocational High School.

231.     Such actions by the Smith Vocational High School Trustees were grossly negligent, willful and malicious.  Such actions were undertaken with reckless disregard for Yourga's common law, statutory and constitutional rights.

232.     As a direct and proximate result of the breach of the covenant of good faith and fair dealing by the Smith Vocational High School Trustees, **Yourga has suffered and will continue**

to suffer damages in the form of economic loss, emotional distress, and harm to his reputation, attorney's fees, costs and expenses.

WHEREFORE, the plaintiff Jonathan Yourga demands judgment against all the defendants, jointly and severally, and request the following relief:

1.   Award of compensatory damages on all Counts of plaintiff's Complaint;

2.   Award of punitive damages;

3.   Award the costs of this action, including attorney's fees;

4.   Such other and further relief as the Court may deem appropriate.

**THE PLAINTIFF DEMANDS A JURY TRIAL**

RESPECTFULLY,
The Plaintiff:
By His Attorney

October 27, 2016                              /s/ Thomas T. Merrigan
                                             Thomas T. Merrigan, BBO 343480
                                             Sweeney Merrigan Law, LLP
                                             393 Main Street, Greenfield, MA 01301
                                             413 774 5300 (phone)
                                             413 773 3388 (fax)
                                             tom@sweeneymerrigan.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas T. Merrigan, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 27 day of October, 2016.

/s/ Thomas T. Merrigan
Thomas T. Merrigan