UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

JONATHAN A. YOURGA,                          )
     Plaintiff                              )
                                            )
vs.                                          )
                                            )
CITY OF NORTHAMPTON,                         )   CIVIL ACTION NO. 3:16-CV-30167-MGM
TRUSTEES OF THE SMITH VOCATIONAL            )
AND AGRICULTURAL HIGH SCHOOL,               )
JEFFREY J. PETERSON (Individually),         )
KEVIN BROWN (Individually), AND             )
DOES 1-10 (Individually),                   )
     Defendants                             )


## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER LIMITING DEPOSITIONS

NOW COME the Defendants, City of Northampton ("the City"), Trustees of the Smith Vocational and Agricultural High School ("the Trustees"), Jeffrey J. Peterson ("Peterson"), and Kevin Brown ("Brown") (collectively, "Defendants"), and hereby move this Court, pursuant to Fed. R. Civ. P. 26(c)(1), to limit discovery:

1. To preclude Plaintiff from deposing individuals with no apparent connection to this litigation, and whose testimony is likely either irrelevant or marginally relevant, including Susan Shepard and Maria Vega.

2. To consider Plaintiff's decision to go forward with the depositions of Susan Shepard and Maria Vega in light of Defendants' objections when ruling on Plaintiff's anticipated motion for leave to take in excess of 10 depositions.

## BACKGROUND

### FACTS

This case arises from a complaint by a student at Smith Vocational and Agricultural High School ("Smith Vocational") that Plaintiff, an Automotive instructor, was biased against females

616979

in the Automotive shop and kept his personal vehicles in the shop for long periods of time, and the subsequent investigation of that complaint and the suspension and resignation of the Plaintiff from his position.[1]   During all relevant times, Peterson was the Superintendent and Brown was the Director of Security at Smith Vocational.   During the course of the investigation of the student complaint, other questions arose about Plaintiff's handling of vehicle donations, vehicle titles, payments for work done on personal vehicles, and other related matters.   This led the administration to contact the Northampton Police Department for assistance in the investigation. On May 23, 2014, as a result of the findings of the investigation, Plaintiff was notified that he would be suspended without pay as of May 28, 2014 and advised of his right to meet with the Superintendent before the proposed first day of the suspension.   A meeting was scheduled, but Plaintiff resigned before the meeting.   Eventually, criminal charges were brought against Plaintiff based on facts arising from the investigation.   Plaintiff was acquitted of the criminal charges following a bench trial in Northampton District Court.

## PROCEDURAL HISTORY

In September, 2016, Plaintiff filed a complaint against Defendants in Hampshire County Superior Court.   Defendants removed the case to the U.S. District Court for the District of Massachusetts.   Defendants filed a Motion to Dismiss and in response, Plaintiff amended his complaint ("the Amended Complaint").   Defendants then filed a Motion to Dismiss Plaintiff's Amended Complaint.   That Motion was allowed as to Count II, which alleged a violation of 42 U.S.C. § 1983 by the City of Northampton and the Trustees, but was denied as to all other counts.   Plaintiff's Amended Complaint currently contains the following theories of liability:[2]

---

[1] Plaintiff claims that he was constructively discharged from his position.

[2] Plaintiff has also brought counts against "Does 1-10."   Defendants do not address allegations against the unnamed Defendants.

- Negligence against the City and the Trustees (Count I)
- 42 U.S.C. § 1983 Violation of Civil Rights against Peterson individually (Count III) and Brown individually (Count IV)
- Common Law Conspiracy against Peterson and Brown individually (Count VI)
- Violation of M.G.L. c. 12, § 11I against Peterson (Count VII) and Brown (Count VIII)
- Invasion of Privacy against Peterson (Count X) and Brown (Count XI)
- Intentional Infliction of Emotional Distress against Peterson (Count XIII) and Brown (Count XIV)
- Defamation against Peterson (Count XVI) and Brown (Count XVII)
- Interference with Advantageous Contractual Relations against Peterson (Count XIX) and Brown (Count XX)
- Common Law Malicious Prosecution against Peterson (Count XXII) and Brown (Count XXIII)
- Abuse of Process against Peterson (Count XXV) and Brown (Count XXVI)
- Breach of the Covenant of Good Faith and Fair Dealing against the City and the Trustees (Count XXVIII).

On November 9, 2017, Defendants filed a Motion for A Protective Order Precluding Plaintiff From Obtaining Confidential Personnel Information and Documents (Docket No. 45).  In that Motion, Defendants are asking the Court to preclude Plaintiff from obtaining confidential personnel information and documents regarding discipline, suspensions, terminations and nonrenewals of current or former employees of Smith Vocational who are not parties to this lawsuit, on the grounds that this discovery is irrelevant, and that it would constitute a significant invasion of the privacy of the subject individuals.  Plaintiff has not yet filed his opposition, and the Motion is pending.

That motion was prompted by a document request to which Defendants objected, and by questions asked by Plaintiff's counsel at depositions.  For example, at a deposition on October 26, 2017, Plaintiff's counsel questioned Smith Vocational employee Leslie Skantz-Hodgson about the discipline, suspension, termination, and non-renewal of employees or former employees, including Susan Shepard, a former employee of Smith Vocational.  Defendants' counsel objected and instructed Ms. Skantz-Hodgson not to answer certain questions.  Plaintiff's counsel, after completing the remainder of the deposition, suspended the deposition pending the

resolution of this dispute.   Since then, Plaintiff's counsel has suspended two additional depositions for the same reason.

On November 6, 2017, Plaintiff noticed the depositions of Susan Shepard and Maria Vega for November 20, 2017.  On November 9, 2017, Plaintiff served Supplemental Answers to Interrogatories, supplementing his list of witnesses, or persons having knowledge of the allegations contained in the Amended Complaint.  He identified Susan Shepard as a "witness to discriminatory practices of Jeffery [sic] Peterson and Kevin Brown."  He also identified Maria Vega, stating that she is a "witness to discriminatory practices of Jeffery [sic] Peterson and Kevin Brown and was requested to make false statements against me and falsify documents by Jeffery [sic] Peterson."

Susan Shepard is a former Dean of Students at Smith Vocational.  The position of Dean of Students was eliminated in 2014, and Ms. Shepard was not hired for the newly created position of Assistant Principal.  Ms. Shepard subsequently filed a claim of age discrimination in the MCAD.  That claim was withdrawn in September 2014 and has not been pursued further. Defendants are not aware of any involvement Ms. Shepard has in any events remotely related to the allegations in the Amended Complaint.

Ms. Vega is a former assistant to the principal of Smith Vocational.[3]  She also filed a Charge of Discrimination in the MCAD against Smith Vocational alleging discrimination on the basis of race, color and gender.  That claim was dismissed by the MCAD in January 2017.  In a separate, unrelated discrimination lawsuit brought by a different Plaintiff, Ms. Vega, in the capacity of a witness, has stated that Peterson asked her to falsify documents.  Believing that the representation in Plaintiff's Supplemental Answers to Interrogatories that Peterson allegedly did

---

[3] Vega left Smith Vocational voluntarily and is currently employed by the Northampton Public Schools.

the same regarding Mr. Yourga may have been an error, Defendants' counsel sought confirmation of this assertion.  (See letter dated November 10, 2017 attached as <u>Exhibit 1</u>). Plaintiff's counsel replied that he "stand[s] by the interrogatory responses" and that he had a good faith basis for believing that both Ms. Vega and Ms. Shepard possessed discoverable information, but did not directly answer the question.  (See email dated November 15, 2017 attached as <u>Exhibit 2</u>)

On November 10, 2017, Plaintiff's Counsel wrote Defendants' counsel noting that Plaintiff had already taken 7 depositions[4], had scheduled five additional depositions, including the depositions of Ms. Shepard and Ms. Vega, and that none of the completed or scheduled depositions included the named parties.  Defendants' counsel noted the limitation in Fed. R. Civ. P. 30(a)(2) that each party is entitled to 10 depositions without leave of the court or stipulation from the opposing party.  Defendants' counsel also stated the opinion that some of the scheduled depositions did not meet the relevance requirement in Fed. R. Civ. P. 26(b)(1) and that it appeared that the sheer number of depositions Plaintiff intended to take was disproportional to the needs of the case.  Defendants specifically challenged the relevance of the depositions of Ms. Shepard and Ms. Vega on these grounds, especially given that Plaintiff has not asserted any claims of discrimination.  (See <u>Exhibit 1</u>).

Plaintiff's counsel replied by email, stating that:

"discovery is a work in progress reveals [*sic*], and it is prejudicial to the Plaintiff to defend against relevancy objections mid-stream, and by piecemeal analysis.  It [*sic*] am confident that when done discovery will reveal Peterson's motives as well as his unscrupulous methods of administration.  The picture that emerges will show circumstantially and directly that Peterson fostered an environment where getting rid of the Plaintiff became the objective."

---

[4] One of the depositions was a Rule 30(b)(6) deposition, and Defendants produced 3 witnesses to testify on the various topics referenced in a Schedule A attached to the deposition notice.

(See email dated November 10, 2017 attached as <u>Exhibit 3</u>).  Plaintiff's counsel also noted that Defendants had identified 20 individuals with discoverable information in their initial disclosure, two of whom were named Defendants, and that Defendants' counsel represents eleven of them. He argued that because he could not have access to the represented witnesses directly, he needed to depose many of them in order to avoid surprise at trial.  Plaintiff's counsel asked Defendants' counsel to agree to an additional ten depositions, but did not respond to the specific concerns regarding the Vega and Shepard depositions.  (See <u>Exhibit 3</u>).  Neither Ms. Vega nor Ms. Shepard were identified as witnesses by Defendants and they are not represented by Defendants' counsel.

On November 14, 2017, Plaintiff's counsel emailed Defendants' counsel a draft motion requesting assent to ten additional but unspecified depositions.  (See email from Plaintiff's Counsel dated November 14, 2017, with attachment, attached as <u>Exhibit 4</u>).  Defendants' counsel replied that she had considered the points raised by Plaintiff's counsel, but could not assent to the motion on the basis of relevance and proportionality, and specifically objected to the depositions of Ms. Shepard and Ms. Vega, and other witnesses whose testimony may be sought about the circumstances of their terminations, their dislike of Peterson, and other issues that Defendants contend are wholly unrelated and irrelevant to the claims asserted by the Plaintiff.  Counsel also stated that she did not intend to oppose Plaintiff's motion on the basis that Plaintiff should be restricted to only 10 depositions, requested that the depositions of Ms. Shepard and Ms. Vega be postponed until the dispute could be resolved by the court, and did not object to the three additional scheduled depositions.  (See email from Defendants' counsel dated November 14, 2017 attached as <u>Exhibit 5</u>).

616979

Plaintiff's counsel replied that he would not agree to postpone the Shepard and Vega depositions, and stated, "I cannot agree that there is the slightest bit of merit (meaning no disrespect, but from a legal point of view) to your desire to prevent their depositions. The Defendants' effort to suppress their evidence is hard to imagine[.]" (See email from Plaintiff's counsel dated November 14, 2017 attached as <u>Exhibit 6</u>). Instead of postponing the Shepard and Vega depositions, Plaintiff's counsel cancelled two of the other scheduled depositions. (See <u>Exhibit 6</u>).

The depositions of Ms. Shepard and Ms. Vega are currently scheduled for Monday, November 20, 2017. Given the timing of these depositions and Plaintiff's counsel's refusal to postpone them pending a court ruling, Defendants' counsel intends to attend the depositions so as not to be prejudiced should the court find that the depositions should have gone forward. By attending these depositions, Defendants do not waive the arguments set forth in this motion, or their right to object to the use of the testimony of Ms. Shepard and Ms. Vega in this litigation. Further, Plaintiff's counsel's insistence on conducting those depositions in the face of Defendants' objections and this motion, does not moot the arguments contained in this motion that apply to other potential depositions and discovery. For example, during depositions, Plaintiff's counsel has questioned several witnesses about the circumstances of other individuals' separation from employment with Smith Vocational, and about whether certain individuals brought claims against the School as a result of their separations. By this motion, Defendants seek to preclude Plaintiff from deposing these individuals who have no connection to Plaintiff's claims. Also, Plaintiff intends to file a motion for leave to take additional depositions, and Defendants ask this court to consider the facts set forth in this motion when making a decision on that motion.

616979

## STANDARD OF REVIEW

The number of depositions a party may take is governed by Fed. R. Civ. P. 30(a), which provides that a party must obtain leave of the court if the parties have not stipulated to the deposition and the deposition would result in more than 10 depositions being taken. Fed. R. Civ. P. 30(a)(2)(A)(i). The court must grant leave, "to the extent consistent with Rule 26(b)(1) and (2)[.]" Fed. R. Civ. P. 30(a)(2).

Federal Rules of Civil Procedure 26(b) provides, in pertinent part:

> *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim or defense and proportional to the needs of the case</u>, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added). The Court must limit discovery if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(iii).

Additionally, even if the requested discovery falls within the scope of Rule 26(b)(1), the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery [or] . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

## ARGUMENT

I.      THE DEPOSITIONS AT ISSUE ARE IRRELEVANT AND OUTSIDE THE SCOPE OF FED. R. CIV. P. 26(b)(1).

Plaintiff has not convincingly articulated to Defendants why the depositions of Ms. Shepard and Ms. Vega are relevant to the remaining claims in his lawsuit. *See Caoutte v. Officemax, Inc.*,

352 F. Supp. 2d 134, 136 (D.N.H. 2005) ("The party seeking information in discovery over an adversary's objection has the burden of showing its relevance").  Plaintiff's counsel has indicated only that "when done discovery will reveal Peterson's motives as well as his unscrupulous methods of administration."  (See <u>Exhibit 3</u>).  It appears that these depositions are simply a fishing expedition for information about Peterson's alleged conduct in circumstances that are wholly unrelated to the facts of this case, and that could place Peterson in a bad light, and for information on the discrimination actions brought by Ms. Shepard, Ms. Vega, and possibly others.   The fact that Plaintiff has specifically identified Ms. Shepard's and Ms. Vega's knowledge of discriminatory practices as the basis for naming them as witnesses in the absence of any claims of discrimination in his own case supports this observation.   It appears that Plaintiff is seeking to establish that Peterson has a propensity to act in a discriminatory manner, but this evidence, besides being irrelevant to his claims, is also inadmissible and unlikely to lead to the discovery of admissible evidence.

The information sought at these depositions is irrelevant and outside the scope of Rule 26, and the depositions should not be allowed.

II.    <u>THE DEPOSITIONS AT ISSUE ARE DISPROPORTIONATE TO THE NEEDS OF THIS CASE AND OUTSIDE THE SCOPE OF RULE 26</u>

Even if the depositions at issue in this case had some scant relevance to Plaintiff's case, they are disproportionate to the needs of the case.  As of the date of filing this motion, Plaintiff has taken seven depositions and has scheduled three others, including the Shepard and Vega depositions.[5]  He has advised Defendants that he intends to ask leave of the court to take ten additional depositions.  Under the circumstance, there is no need to depose individuals such as

---

[5] Twelve depositions had been scheduled before Plaintiff cancelled two of them.

Ms. Shepard and Ms. Vega who have no direct involvement in the facts of this case.  Taking their depositions will bring the number of depositions taken by Plaintiff close to the presumptive limit in Rule 30(a)(2)(A)(i), and doing so is disproportionate to the needs of this case.  *Fiske v. Meyou Health, Inc.*, 2014 U.S. Dist. LEXIS 84172, *29, ("Although the presumptive limit of depositions is ten, courts may grant parties leave to conduct more than ten depositions. Courts generally grant such requests upon a showing of a demonstrable need to do so" (internal citations omitted)); *see also Murphy v. Harmatz*, 2016 U.S. Dist LEXIS 167569, *8-*9 (D. Mass. December 5, 2016) (noting that the purpose of the revisions of Rule 26 to restore proportionality was to prevent over-discovery).

Defendants made a reasonable request that the Shepard and Vega depositions be postponed to afford the court the opportunity to resolve the discovery issues that have arisen in this case. Defendants also stated that they would not, in opposing Plaintiff's motion for leave to take more depositions, argue that Plaintiff should be strictly limited to 10 depositions, and did not object to going forward with the other scheduled depositions.   Rather than agree to Defendants' reasonable request, Plaintiff cancelled two other depositions, including the deposition of the Northampton Police Department detective whose investigation led to the criminal charges against Plaintiff, and whose potential testimony is clearly relevant.  The discovery deadline in this matter is January 2, 2018, and counsel for the parties have already discussed the likely need to jointly ask the court for a reasonable extension of discovery.  Upon information and belief, both Ms. Shepard and Ms. Vega live locally, and would presumably be available at a later date. The purpose of the limit in Rule 30(a)(2)(A)(i) "is to force counsel to think long and hard about who they want to depose and to depose only those who are really important, so as to stay within the limit set by the rules.  It is also true that courts should not freely grant relief from the limits

without a showing of need." *See, e.g., San Francisco Health Plan v. McKesson Corp.,* 264 F.R.D. 20 (D. Mass. January 21, 2010.  It appears that Plaintiff's insistence on going forward with the Shepard and Vega depositions is a way to avoid justifying the need for these depositions in his anticipated motion for leave

## CONCLUSION

For the foregoing reasons, the instant motion should be allowed.

## CERTIFICATE OF CONSULTATION PURSUANT TO RULE 37.1 AND 7.1

Counsel for the parties have conferred in a good faith effort to narrow areas of disagreement to the fullest extent.  Counsel conferred by email and letter as set forth in the procedural history section of this motion, and agreed that this correspondence met the requirements of the rules.

THE DEFENDANTS,
CITY OF NORTHAMPTON, TRUSTEES
OF THE SMITH VOCATIONAL AND
AGRICULTURAL HIGH SCHOOL,
JEFFREY J. PETERSON, AND
KEVIN BROWN,

Dated:  November 16, 2017

By:   */s/ Patricia M. Rapinchuk, Esq.*
Patricia M. Rapinchuk, BBO #556149
   Direct Fax:  (413) 452-0353
   prapinchuk@robinsondonovan.com
Hunter S. Keil, Esq., BBO #687979
   Direct Fax:  (413) 452-0308
   hkeil@robinsondonovan.com
ROBINSON DONOVAN, PC
1500 Main Street, Suite 1600
Springfield, Massachusetts  01115-5069
Tel. (413) 732-2301/Fax (413) 452-0353

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 16th day of November, 2017.

Subscribed under the penalties of perjury.

*/s/ Patricia M. Rapinchuk, Esq.*
Patricia M. Rapinchuk, Esq.

616979