UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JONATHAN A. YOURGA, )
    Plaintiff, )
     )
v. )     Civil Action No. 16-30167-MGM
     )
CITY OF NORTHAMPTON, et al. )
    Defendants. )

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO
CONDUCT ADDITIONAL DEPOSITIONS AND FOR PRODUCTION OF DOCUMENTS
(Dkt. No. 93)

ROBERTSON, M.J.

INTRODUCTION

Plaintiff Johnathan Yourga ("Plaintiff") is a former employee of the Smith Vocational and Agricultural High School ("the School") in Northampton. He was employed in the automotive department. Plaintiff, who left his position in or around late May or early June 2014, alleges a constructive discharge. The defendants are the City of Northampton, the Trustees of the School, Jeffrey Peterson, former Superintendent of the School, and Kevin Brown, former Director of Security of the School. Plaintiff's claims under 42 U.S.C. § 1983 against the City and the Trustees were dismissed. Plaintiff's remaining claims are: common law negligence and breach of the covenant of good faith and fair dealing against the City and the Trustees, and violations of civil rights under state and federal law, common law conspiracy, invasion of privacy, intentional infliction of emotional distress, defamation, interference with advantageous relations, malicious prosecution, and abuse of process against Peterson and Brown.
Before the court is Plaintiff's Motion for Leave to Conduct Additional Depositions and For Production of Documents (Dkt. No. 93) ("Plaintiff's Motion"). The court deems argument on

this motion unnecessary. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

1. Production of Documents

So much of Plaintiff's Motion as seeks to compel the production of documents merits little discussion. Defendants represent – and Plaintiff does not dispute – that Plaintiff never served requests pursuant to Fed. R. Civ. P. 34(a) and (b) for the documents whose production he seeks to compel (Dkt. No. 114 at 4). Plaintiff's response to this fundamental omission on his part is: "Defendants would have objected in any event. There is no prejudice" (Dkt. No. 109 at 5). Federal Rule of Civil Procedure 37(a)(3)(b)(iv) provides that a motion for a court order to a party compelling the production of documents may be made only "when a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – *as requested under Rule 34*." (Emphasis added.). By the plain terms of Rule 37, "'[a] plaintiff need[s] to first serve his discovery demands before he can move to compel their answer.'" *United States v. Limanni*, Civil No. 12-cv-114-JD, 2013 WL 3932315, at *1 n.1 (D.N.H. July 30, 2013) (quoting *Fox v. Poole*, No. 06CV148, 2007 WL 837117 (W.D.N.Y. Mar. 15, 2007)). Because Plaintiff never served a document production request on the defendants requesting the documents whose production he now seeks to compel, the court cannot enter an order compelling their production.[1] Accordingly, so much of Plaintiff's Motion as seeks to compel the

---

[1] It is too late for Plaintiff to remedy this omission. At the parties' request, the court has repeatedly extended the deadline for completion of non-expert discovery. Most recently, the court extended the deadline for completion of non-expert discovery to September 28, 2018, notifying the parties that they should not expect further extensions of this deadline (Dkt. No. 103). Completion of non-expert discovery requires the service of written discovery requests with sufficient time for a response to be served by the responding party in advance of the discovery deadline (Dkt. No. 41); *see also Limanni*, 2013 WL 3932315, at *1 (when a scheduling order establishes a deadline for the completion of non-expert discovery, such a deadline requires the party seeking discovery to serve the requests sufficiently in advance of the deadline that

production of documents is DENIED.[2]

    2.    Additional Depositions

This is the second time the court is required to address Plaintiff's desire to exceed – by a wide margin – the 10-deposition limit set in Fed. R. Civ. P. 30(a)(2)(A)(i). *See Yourga v. City of Northampton*, Civil Action No. 16-30167-MGM, 2018 WL 1053532, at **3-5 (D. Mass. Feb. 26, 2018). Plaintiff has already taken 16 depositions, one of which was a Rule 30(b)(6) deposition for which the defendants designated three witnesses, with four more depositions scheduled. He now seeks to take an additional four depositions, for a total of 24 non-expert depositions in a wrongful termination case. As previously stated,

> Another session of this court has explained that "the purpose of the limitation in the rule is to force counsel to think long and hard about who they want to depose and to depose only those who are really important, so as to stay within the limit set by the rule. . . . courts should not freely grant relief from the limits without a showing of need." *S. F. Health Plan v. McKesson Corp.*, 264 F.R.D. 20, 21 (D. Mass. 2010). The party seeking to exceed the 10-deposition limit or re-depose an individual who has previously been deposed bears the burden of showing a need for the discovery. *See, e.g., S. F. Health Plan*, 264 F.R.D. at 21. A court must limit the frequency of discovery when the discovery sought is unreasonably

---

responses are due prior to the deadline; citing cases). The time allotted for service of written discovery requests has expired.

[2] It is not clear whether Plaintiff seeks to compel the production of minutes from the meetings of the School's board of trustees that reflect discussion, if any, about the criminal prosecution of Plaintiff and his application for unemployment compensation (Dkt. Nos. 93, 93-2). Trustee John Cotton testified at his deposition that minutes reflecting such a discussion might exist, although he also testified that he had no memory of any discussion at a board of trustees meeting about Plaintiff or those topics (Dkt. No. 102-3 at 6, 14). The administrative assistant to the School's superintendent is responsible for preparing minutes for the School's board meetings. She has attested that she made a thorough search, that the School has copies of all board minutes for the relevant time period, and that those minutes do not reflect any discussion about "matters pertaining to the criminal prosecution of Johnathan Yourga and the unemployment application of Jonathan Yourga" (Dkt. No. 93-2). A court "cannot compel a party to produce documents that do not exist." *Payless Shoesource Worldwide, Inc. v. Target Corp.*, Civil Action No. 05-4023, 2008 WL 973118, at *4 (D. Kan. Apr. 8, 2008) (quotation marks omitted); *see also Moulton v. Bane*, Civil No. 14-cv-265-JD, 2015 WL 12990224, at *2 (D.N.H. Nov. 10, 2015). Thus, to the extent Plaintiff seeks to compel the production of documents responsive to his second request for documents, his motion is denied.

cumulative or duplicative or can be obtained from some other more convenient, less burdensome or less expensive source or when the proposed discovery is otherwise outside the scope permitted by Rule 26(b)(2).

*Id.* at *3. Keeping these principles in mind, the court considers in turn Plaintiff's justifications for seeking to take four additional depositions. *See, e.g., AIG Centennial Ins. Co. v. O'Neill*, No. 09-60551-CIV, 2010 WL 4116555, at *16 (S.D. Fla. Oct. 18, 2010).

*Andrew Linkenhoker.* Plaintiff previously sought leave to take Mr. Linkenhoker's deposition on the grounds that Mr. Linkenhoker is the current superintendent of the School and a former principal. He was not employed by the School when Plaintiff's employment ended. The court judged Mr. Linkenhoker's position an insufficient justification for taking his deposition. Plaintiff now seeks to take Mr. Linkhoker's deposition because Mr. Linkhoker signed the defendants' answers to Plaintiff's second set of interrogatories and, Plaintiff asserts, must have had communications with certain trustees of the School in connection with preparation of those answers. Defense counsel represents that Mr. Linkenhoker signed the interrogatories based on privileged communications with counsel and did not have communications with other trustees in connection with signing the interrogatories (Dkt. No. 102). Mr. Linkenhoker cannot testify to communications that did not take place or to privileged communications with counsel. Plaintiff still has not established a basis to take Mr. Linkenhoker's deposition.

*Thomas Fitzgerald*.[3] Plaintiff's second set of interrogatories to the defendants asked, among other things, that the defendants identify any trustee of the School who had communicated with defendant Jeffrey Peterson or defendant Kevin Brown about Plaintiff from 2014 to the present. Plaintiff failed to ask that the subject matter of any such communications be

---

[3] Plaintiff refers variously to a "Thomas Fitzpatrick" and a "Thomas Fitzgerald" (Dkt. No. 93 at 1, 3). The proper name appears to be Thomas Fitzgerald.

4

described (Dkt. No. 93-1 at 3). The defendants identified Messrs. Fitzgerald and Cahillane as trustees who had engaged in such communications. Plaintiff deposed Mr. Cahillane. He now seeks leave to depose Mr. Fitzgerald about "his communications with Peterson regarding Yourga" (Dkt. No. 93 at 3). It cannot be said that Plaintiff thought long and hard about who he needed to depose and sought to depose only those whom it was necessary to depose. Nonetheless, the court cannot say that Mr. Fitzgerald's communication(s) with Mr. Peterson or Mr. Brown about Plaintiff are necessarily irrelevant to Plaintiff's claims. Given that the parties have until September 28, 2018 to complete non-expert discovery including depositions, that it is apparent that a number of depositions remain to be scheduled and taken, and that one additional brief deposition can be accommodated without delaying resolution of the case, the court grants so much of Plaintiff's Motion as seeks leave to take Mr. Fitzgerald's deposition, limited to ninety minutes of deposition time.

*Mayor of Northampton, and Northampton City School Superintendent.* Plaintiff's stated reason for requiring these depositions is difficult to discern. He appears to be contending that he should be permitted to take these depositions to ask these members of the School's board of trustees whether the board discussed Plaintiff's application for unemployment compensation or, after Plaintiff was acquitted, the reasons why he left his job at the School. The defendants have informed Plaintiff that the minutes of board of trustee meetings do not reflect any such discussions. Plaintiff has already deposed two individuals who were trustees at the relevant time. When Mr. Cotton's testimony is fairly read, it appears that the two trustees testified consistently that no such discussions took place at any board meeting. Plaintiff has not shown that the Mayor or the Superintendent of Schools of Northampton discussed Plaintiff with Mr. Peterson or Mr. Brown, or have relevant personal knowledge about Plaintiff's employment or the end of his

5

employment with the School.  Requiring the Mayor of Northampton and the Northampton Superintendent of Schools to appear for a deposition to confirm that the board of trustees did not discuss the Plaintiff's situation, which is what the minutes of the board of trustees meetings show, particularly where Plaintiff has already deposed two other trustees, and will be permitted under the terms of this order to depose a third, would be unreasonably cumulative and duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff has not sufficiently shown a need to depose the Mayor of Northampton or the Northampton Superintendent of Schools.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Conduct Additional Depositions and For Production of Documents (Dkt. No. 93) is GRANTED in part and DENIED in part on the terms set forth in this Memorandum and Order.


Dated:  September 6, 2018                         /s/ Katherine A. Robertson
                                                  KATHERINE A. ROBERTSON
                                                  U.S. MAGISTRATE JUDGE