UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| JONATHAN A. YOURGA, ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | |
|   . ) | |
| CITY OF NORTHAMPTON, ) | CIVIL ACTION NO. 3:16-CV-30167-MGM |
| TRUSTEES OF THE SMITH VOCATIONAL ) | |
| AND AGRICULTURAL HIGH SCHOOL, ) | |
| JEFFREY R. PETERSON (Individually), ) | |
| KEVIN BROWN (Individually), AND ) | |
| DOES 1-10 (Individually), ) | |
|     Defendants ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD RE: PLAINTIFF'S OBJECTIONS TO THE MEMORANDUM AND ORDER
OF THE MAGISTRATE JUDGE**

NOW COME the Defendants and hereby oppose Plaintiff's Motion to Supplement the

Record re: Plaintiff's Objections to the Memorandum and Order of the Magistrate Judge.  As

grounds therefor, and in support thereof, Defendants state as follows:

**PROCEDURAL HISTORY**

On August 28, 2018, Plaintiff filed a Motion for Leave to Amend Plaintiff's Complaint ("the

Motion to Amend"), seeking to add a 42 U.S.C. § 1983 count against the City of Northampton

and the Trustees of Smith Vocational and Agricultural High School.  On September 11, 2018,

Defendants filed an Opposition ("the Opposition").  On October 18, 2018, the Magistrate Judge

issued a Memorandum and Order ("the Order") denying Plaintiff's Motion.  On November 1,

2018, Plaintiff filed an Objection to the Magistrate's Order ("the Objection").  On November 15,

2018, Defendants filed an Opposition to Plaintiff's Objection ("the Opposition to Objection").

On November 28, 2018, Plaintiff filed a Motion to Supplement the Record ("the Motion to

Supplement") before the District Court Judge.

# **ARGUMENT**

By his Motion to Supplement, Plaintiff seeks to add a paragraph to his proposed amended complaint which summarizes the opinion of a recently disclosed expert witness, David Bloomfield.  The paragraph does not comply with the rules of pleading and adds nothing of substance to the proposed amended complaint.  Rather, it contains opinions and conclusions of the witness, and merely mirrors the allegations already contained in the original proposed amended complaint.[1]  Not only does the paragraph not comply with the pleading standard of Fed. R. Civ. P. 8 of a short and plain statement of the claim, with simple, concise and direct allegations, it is also replete with legal and factual conclusions.

Plaintiff's proposed supplement adds no new facts, allegations or arguments and does nothing to aid the Court in the resolution of the Motion to Amend.  In essence, Plaintiff has found an expert witness willing to state conclusions based on a selective review of an abbreviated record regarding certain elements of Plaintiff's theory of liability in his proposed new count.  Such conclusions should be made by the factfinder, and summarizing the opinion of an expert witness in the guise of allegations to support a Motion to Amend is improper and should not be allowed.

To the extent the court finds that the new paragraph adds new facts or arguments, those facts and arguments should not be considered, as they were not raised before the Magistrate Judge.  It is well settled that an objection to a magistrate's order may not raise new arguments not presented to the magistrate.  As the First Circuit has explained:

---

[1] The Defendants expressly reserve the right to challenge the admissibility of the entirety of Bloomfield's testimony on several bases, including that it contains factual conclusions within the province of a jury, legal conclusions properly reached by the judge, and that it will not aid the jury's understanding of the issues in this case.

627760

> "'The purpose of the Federal Magistrate's Act is to relieve the courts of
> unnecessary work.'  It would defeat this purpose if the district court was required
> to hear matters anew on issues never presented to the magistrate.  Parties must
> take before the magistrate, 'not only their 'best shot' but all of their shots.'"

*Borden v. Secretary of Health & Human Services*, 836 F.2d 4, 6 (1st Cir. 1982) (internal citations

omitted) (quoting *Singh v. Superintending School Committee*, 595 F. Supp. 1315, 1318 (D.

Maine 1984).  Following the same logic, new evidence not presented to the magistrate normally

may not be presented to the district court judge in an objection to the magistrate's decision.

*Langone v. Son, Inc.* (2015 U.S. Dist. LEXIS 77299, *2 (D. Mass. June 15, 2015) ("The

plaintiff's 'new evidence' objection is in fact a new argument which could have been, but

inexplicably was not presented to the magistrate in the first instance." (citing *Borden*, 836 F.2d at

6); *Louis v. Bank of Am., N.A.*, 2017 U.S. Dist. LEXIS 47912, *5 (D. Mass. March 30, 2017)

("the reviewing court may consider evidence and arguments not presented to the Magistrate

Judge only in the most compelling circumstances." (internal quotation marks omitted)).  Plaintiff

identifies no compelling reasons why this Court should consider the new "evidence," and no

circumstances exist that would necessitate its consideration.  The Plaintiff's Motion to

Supplement should be denied.

Alternatively, should the Court wish to consider the proposed new paragraph, the appropriate

course of action would be to remand the matter to the Magistrate Judge and to delay a decision

on this matter to afford the Defendants the opportunity to either move to strike the testimony of

the expert witness or to identify their own expert opinion in rebuttal.[2]  *See Louis*, 2017 U.S. Dist.

LEXIS 47912 at *5 (upon finding that compelling circumstances necessitated the consideration

of new evidence, district court denies motion without prejudice to allow parties to reargue the

issue before the magistrate judge).  To do otherwise would defeat the purpose of the Federal

---

[2] The deadline for Defendants' expert disclosure is February 15, 2019.

Magistrate's Act.  Also, considering the Plaintiff's expert opinion without affording Defendants the opportunity to challenge the opinion or to rebut the opinion with their own expert would be highly prejudicial and not in the interest of justice.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request the court deny Plaintiff's Motion to Supplement.

THE DEFENDANTS,

CITY OF NORTHAMPTON, TRUSTEES
OF THE SMITH VOCATIONAL AND
AGRICULTURAL HIGH SCHOOL,
JEFFREY R. PETERSON, AND
KEVIN BROWN,

Dated:  December 12, 2018

By:   */s/ Patricia M. Rapinchuk, Esq.*
Patricia M. Rapinchuk, BBO #556149
    Direct Fax:  (413) 452-0353
    prapinchuk@robinsondonovan.com

By:   */s/ Hunter S. Keil, Esq.*
Hunter S. Keil, Esq., BBO #687979
    Direct Fax:  (413) 452-0308
    hkeil@robinsondonovan.com
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts  01115-5069
Tel. (413) 732-2301

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 12th day of December, 2018.

Subscribed under the penalties of perjury.

   */s/ Patricia M. Rapinchuk, Esq.*
Patricia M. Rapinchuk, Esq.

627760